**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kerry SKELTON, Defendant–Appellant.**

No. 03–5380.

United States Court of Appeals,
Sixth Circuit.

June 10, 2004.

Perry H. Piper, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Rita C. LaLumia, Asst. F.P. Defender, Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, TN, Nikki C. Pierce, Federal Defender Services of Eastern Tennessee, Greeneville, TN, for Defendant–Appellant.

Before SILER, MOORE, and BALDOCK,* Circuit Judges.

### ORDER

Kerry Skelton appeals a district court sentence imposed after his conviction on charges of conspiracy to manufacture methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

On August 13, 2002, Skelton was indicted on charges of conspiracy to manufacture methamphetamine, possession of materials to manufacture methamphetamine, aiding and abetting possession of materials to manufacture methamphetamine, possession of a firearm in furtherance of drug trafficking crimes, and possession of a firearm by a drug user. Pursuant to a plea bargain agreement, Skelton pleaded guilty to conspiracy to manufacture methamphetamine and possession of a firearm in furtherance of drug trafficking crimes. The district court sentenced Skelton to consecutive terms of seventy months of imprisonment and sixty months of imprisonment, respectively, plus three years of supervised release, a $200 special assessment, and $4,931.25 in restitution. Skelton filed a timely notice of appeal.

On appeal, Skelton contends that the district court erred in increasing the offense level applicable to his conspiracy conviction by fourteen levels pursuant to USSG § 2D1.1(b)(5)(C) for a substantial risk of harm to a minor. The government responds that the district court properly enhanced Skelton's sentence pursuant to USSG § 2D1.1(b)(5)(C). Upon consideration, we affirm the district court's judgment.

Generally, this court reviews a district court's findings of fact only for clear error, but reviews de novo a district court's interpretation of the sentencing guidelines. *United States v. Corrado*, 304 F.3d 593, 607 (6th Cir.2002), *cert. denied*, 537 U.S. 1238, 123 S.Ct. 1366, 155 L.Ed.2d 207 (2003); *see also United States v. Layne*, 324 F.3d 464, 468 (6th Cir.2003) (establishing standard of review for current USSG § 2D1.1(b)(5)(B)). The sentencing guideline at issue herein provides for an offense conduct increase of 6 levels or to level 30, whichever is higher, where a methamphetamine manufacturing offense "created a

substantial risk of harm to the life of a minor...." USSG § 2D1.1(b)(5)(C)(ii) (2002). In deciding whether to apply the guideline, the district court is instructed to consider: (i) the quantity of chemicals and hazardous or toxic substances found at the laboratory and the manner in which they were stored; (ii) the manner in which these substances were disposed and the likelihood of release into the environment; (iii) the duration and extent of the operation; and (iv) the location of the laboratory (whether in a neighborhood or remote area) and the number of lives at risk. USSG § 2D1.1, comment. (n.20) (2002). Here, the district court properly applied the guideline and increased Skelton's offense conduct level.

The district court relied upon its findings at Skelton's co-defendant's sentencing in applying the increase at issue. In pertinent part, the court stated:

Of course, the government has the burden of showing by a preponderance of the evidence that the enhancement does apply. I think it does apply. I think it applies because one of the factors here is the likelihood of release into the environment of hazardous toxic substances. I think it's very clear that Ms. Skelton's testimony to the contrary notwithstanding that these toxic substances were, in fact, released and the officers had to work in shifts to detoxify the place and search the place. And I frankly do not find Mrs. Skelton to be credible on this issue, either purposefully or if it is true that she didn't know that meth was being manufactured here, then she didn't know anything about what was going on in the place. And I think that we had some fairly substantial quantities here of the phosphorous and the iodine, as I recall, the testimony of some of this in gallon quantities, muriat-

ic acid. That's a lot of ingredients here with a three-year-old child in the area.

And, apparently, it had been going on for some time. And while maybe the gassing off process took place outside, something was going on inside because the smell was there. And even though it was in a remote area, I don't think that carries the day because the harm here was not to other people in the surrounding area, but to the infant who resided in the household. So, I find that the enhancement does apply here. I don't think there is much question about it.

Skelton does not argue that any of the district court's findings of fact are erroneous, but asserts that medical records reflect that the minor child was not harmed by the methamphetamine manufacturing, that the dangerous "gassing off" step of the manufacturing process occurred outside the residence in which the child lived, and that the residence was located in a very rural area. Even crediting Skelton's assertions, however, the district court properly applied the enhancement at issue because Skelton's manufacturing of methamphetamine created a substantial risk of harm to a minor.

For the foregoing reasons, the district court's judgment is affirmed.